1

2        UNITED STATES DISTRICT COURT

3        EASTERN DISTRICT OF WASHINGTON

4

5   LANCE DERRICK PRATT,              No. 2:15-CV-00148-JTR

6              Plaintiff,
                                       ORDER GRANTING
7              v.                      DEFENDANT'S MOTION FOR
                                       SUMMARY JUDGMENT
8

9   CAROLYN W. COLVIN,
10  Commissioner of Social Security,

11             Defendant.

12

13        **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

14  No. 19, 20.  Attorney Dana C. Madsen represents Lane Derrick Pratt (Plaintiff);

15  Special Assistant United States Attorney Terrye E. Shea represents the

16  Commissioner of Social Security (Defendant).  The parties have consented to

17  proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative

18  record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for

19  Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

20                          **JURISDICTION**

21        Plaintiff filed an application for Supplemental Security Income (SSI) on

22  August 23, 2012, alleging disability since March 2, 2002, due to Degenerative

23  arthritis in neck, bipolar disorder, type II diabetes, schizophrenia, and low back

24  pain.[1]  Tr. 1464, 1471.  The application was denied initially and upon

25  _____

26        [1]The Court notes that there is no application for SSI in the record.  However,

27  there is an SSI determination at all of the administrative levels of review.  Tr. 15-

28  17, 26-38, 1421-1424, 1428-1429.

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

reconsideration.  Tr. 1421-1424, 1428-1429.  Administrative Law Judge (ALJ) R.J. Payne held a hearing on November 19, 2013, at which Plaintiff, represented by counsel, and psychological expert, Margaret Ruth Moore, Ph.D., testified.  Tr. 1899-1930.  At the hearing, Plaintiff amended his date of onset to August 23, 2012.  Tr. 1901.  The ALJ issued an unfavorable decision on January 13, 2014.  Tr. 26-38.  The Appeals Council denied review on April 14, 2015.  Tr. 15-17.  The ALJ's January 13, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 9, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 49 years old at the amended date of onset.  Tr. 1471.  Plaintiff completed one year of college in 2006.  Tr. 1465.  He last worked in 2002, and reported that he stopped working because of his condition.  Tr. 1464.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law *de novo*, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational

interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations.  20 C.F.R. § 416.920(a)(4).  If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 13, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 23, 2012, the amended date of onset.  Tr. 28.

At step two, the ALJ determined Plaintiff had the following severe

impairments: diabetes mellitus and antisocial personality disorder with cluster B traits. Tr. 28.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 32.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a full range of work at all exertional levels with the following non-exertional limitations:

> Occasional climbing of ladders, ropes, and scaffolds, and avoid concentrated exposure to hazards (such as unprotected heights and hazardous machinery), avoid concentrated exposure to heavy industrial type-vibration, and avoid concentrated exposure to pulmonary irritants. . . . He is capable of simple routine, and repetitive tasks, as well as well learned complex tasks: he would do best working away from the general public; and, due to his legal history, cannot work around children: and he is able to adapt to workplace changes.

Tr. 33. The ALJ identified Plaintiff's past relevant work as saw operator and concluded that Plaintiff was not able to perform this past relevant work. Tr. 37.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform. Tr. 37-38. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 23, 2012, through the date of the ALJ's decision, January 13, 2014. Tr. 38.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's credibility, and (2) failing to properly weigh the medical source

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

statements in the record.

## DISCUSSION

**A.    Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 19 at 10-13.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less then fully credible concerning the intensity, persistence, and limiting effects of his symptoms.  Tr. 34-35.  The ALJ reasoned that Plaintiff was less than fully credible because (1) his symptom reporting was contrary to the medical evidence, (2) his symptom reporting was contrary to his reported TV watching, (3) he was noncompliance with treatment, and (4) he made inconsistent statements regarding drug and alcohol use.  Tr. 35-36.

**1.  Contrary to the objective medical evidence**

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's symptoms are not supported by objective medical evidence, is a specific, clear, and convincing reason to undermine Plaintiff's credibility.

Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

In the decision, the ALJ pointed to four specific parts of Plaintiff's testimony that was not supported by objective evidence.  First, the ALJ found that Plaintiff's testimony about blurry vision, nerve pain, and numbness were unsupported, as there was "no documentation of diabetic nerve damage causing sensation loss in his feet or blurry vision."  Tr. 35.  The ALJ cited two exhibits in the record to support his determination.  *Id. citing* Tr. 1691-1721, 1723-1796.  Plaintiff's sensory foot exams on January 14, 2013, February 21, 2013, May 23, 2013, July 8, 2013, and August 20, 2013, were normal.  Tr. 1725, 1732, 1745, 1752, 1768.  Plaintiff argues that in forming his determination, the ALJ ignored a left foot ulcer on August 15, 2011, and a prescription for diabetic shoes on January 13, 2014.  ECF No. 19 at 10 *citing* Tr. 1602, 1724.  However, neither of these citations support Plaintiff's assertion that he experienced blurry vision, nerve pain, or numbness in his feet.  Therefore, the ALJ's determination that Plaintiff's complaints are not supported by objective evidence is supported by substantial evidence.

Second, the ALJ found that Plaintiff's statements regarding exertional limitations in lifting, walking, and standing were not supported, stating "there is simply no support in the treatment record for any exertional limitations and certainly not for any need for a cane."  Tr. 35.  The ALJ cited to the lack of peripheral neuropathy, as discussed above, and the lack of evidence supporting back and hip pain.  *Id.*  The ALJ determined that the file did not contain imaging or physical examinations supporting Plaintiff's complaints of hip and back pain.  Tr. 33.  Plaintiff failed to challenge the ALJ's determination that Plaintiff's hip and back pain were unsupported by objective evidence, instead, he simply asserted that this reason could not stand alone.  ECF No. 19 at 12.  As addressed below, the ALJ provided other legally sufficient reasons to find Plaintiff less than fully credible.  Therefore, Plaintiff's challenge is insufficient. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  (The court ordinarily will not

consider matters on appeal that are not specifically and distinctly argued in a claimant's opening brief.)

Third, the ALJ found that Plaintiffs complaints of mental health impairments were not supported by objective evidence. Tr. 35. To support his determination, the ALJ noted that treatment records suggested Plaintiff may have experienced some waxing and waning in symptoms, but overall, he had a positive response to treatment and cited five locations in the record. *Id*. Again, Plaintiff failed to challenge the ALJ's findings. ECF No. 19.

Fourth, the ALJ found that Plaintiff's complaints of difficulty hearing were not supported by the objective evidence. Tr. 35-36. Specifically, the ALJ noted that there was "no mention that this difficulty was observed in the longitudinal record." Tr. 36. Plaintiff failed to challenge this finding. ECF No. 19.

### 2. Watching TV

The ALJ's second reason for finding Plaintiff less than fully credible, that Plaintiff's reported activity of watching TV for seven to eight hours a day was inconsistent with his report of blurry vision, Tr. 35, is not a specific, clear, and convincing reason to undermine Plaintiff's credibility.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, the ALJ found that Plaintiff's report of watching TV was inconsistent with his statements of blurry vision. Tr. 35. Plaintiff asserts that it was "unclear how Mr. Pratt's blurred vision claim is belied by his ability to watch old television programs on and off, especially when the ALJ did not take the opportunity to question Mr. Pratt with regard to his blurred vison problems." ECF No. 19 at 10-11.

The Court agrees.  The ALJ's reliance on Plaintiff's blurry vision being inconsistent with the ability to watch TV is not a specific, clear and convincing reason to find Plaintiff less than fully credible.  However, any error stemming from this finding is harmless.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### 3.     Treatment Noncompliance

The ALJ's third reason for finding Plaintiff less than fully credible, that Plaintiff's failure to follow prescribed treatment, is a specific, clear and convincing reason.

Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment casts doubt on a claimant's subjective complaints.  20 C.F.R. § 416.930; *Fair*, 885 F.2d at 603; *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (finding the ALJ's decision to reject the claimant's subjective pain testimony was supported by the fact that claimant was not taking pain medication).

The ALJ noted that while Plaintiff testified that he had trouble with controlling his diabetes due to the State not allowing him the proper supplies, the record showed that Plaintiff failed to take both his psychiatric and diabetic medication, and failed to follow through with diet and exercise.  Tr. 35.  The failure to take prescribed medication is an example of noncompliance with treatment.  Therefore, the ALJ's determination is supported by substantial evidence.

### 4.     Inconsistent Statements

The ALJ's final reason for finding Plaintiff less than fully credible, he made inconsistent statements regarding drug and alcohol use, is a specific, clear and convincing reason.

An ALJ may properly consider whether or not a claimant is a reliable

historian regarding drug and alcohol usage in assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

The ALJ acknowledged that there was no evidence of a substance abuse problem in the 2013 treatment records from Rockwood Clinic; however, Plaintiff's statements regarding his past drinking were inconsistent. Tr. 35. At the November 19, 2013, hearing, Plaintiff testified that he stopped drinking years ago and had stopped using illicit drugs at least twelve years ago. Tr. 1923-1924. On November 1, 2012, he told Dr. Garrett he had stopped drinking about five or six years prior and last used cocaine nine years ago. Tr. 1525. On August 14, 2012, Plaintiff stated that he stopped drinking forty days ago. Tr. 1561. In April 2012, there is a note from a counselor in which Plaintiff admitted to drinking that day. Tr. 1618.

Plaintiff argues that the evidence of drinking predates the relevant time period and therefore is of little relevance. ECF No. 19 at 1-12. However, Plaintiff's statements within the relevant time period, both at the hearing and a year prior to the hearing are proven inaccurate by the evidence that predates the relevant time period. In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements . . . and other testimony by the claimant that appears less than candid." *Smolen*, 80 F.3d at 1284. The ALJ's finding that Plaintiff made inconsistent statements regarding his drug and alcohol use is supported by the record.

Plaintiff argues that the ALJ erred in his reliance on Plaintiff's criminal history in the credibility determination. ECF No. 19 at 15. However, a review of the ALJ's decision shows that he did not rely on Plaintiff's criminal history in forming his credibility determination, but instead mentioned it as a barrier to employment and associated into the Plaintiff's residual functional capacity. Tr. 33.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

1    The Court will not disturb the ALJ's credibility determination.

2    **B.    Medical Source Statements**

3        Plaintiff argues the ALJ failed to properly consider and weigh the medical

4    opinion expressed by Justin Garrett, D.O., Serban Ionescu, M.D., and Margaret R.

5    Moore, Ph.D.  ECF No. 19 at 13-16.

6        In weighing medical source opinions, the ALJ should distinguish between

7    three different types of physicians: (1) treating physicians, who actually treat the

8    claimant; (2) examining physicians, who examine but do not treat the claimant;

9    and, (3) nonexamining physicians who neither treat nor examine the claimant.

10   *Lester*, 81 F.3d at 830.  The ALJ should give more weight to the opinion of a

11   treating physician than to the opinion of an examining physician.  *Orn*, 495 F.3d at

12   631.  The ALJ should give more weight to the opinion of an examining physician

13   than to the opinion of a nonexamining physician.  *Id.*

14       When a treating physician's opinion is not contradicted by another

15   physician, the ALJ may reject the opinion only for "clear and convincing" reasons.

16   *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating

17   physician's opinion is contradicted by another physician, the ALJ is only required

18   to provide "specific and legitimate reasons" for rejecting the opinion of the first

19   physician.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when

20   an examining physician's opinion is not contradicted by another physician, the

21   ALJ may reject the opinion only for "clear and convincing" reasons.  *Lester*, 81

22   F.2d at 830.  When an examining physician's opinion is contradicted by another

23   physician, the ALJ is only required to provide "specific and legitimate reasons" for

24   rejecting the opinion of the examining physician.  *Id.* at 830-831.

25       The specific and legitimate standard can be met by the ALJ setting out a

26   detailed and thorough summary of the facts and conflicting clinical evidence,

27   stating his interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881

28   F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer his

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1.    Justin Garrett, D.O.

On November 1, 2012, Dr. Garrett completed a consultative examination of Plaintiff.  Tr. 1522-1527.  He reviewed records from Dr. Ionescu and Josh Ott.  Tr. 1522.  Dr. Garrett diagnosed Plaintiff with schizoaffective disorder, cocaine dependence in full-sustained remission, and alcohol dependence in full sustained remission.  Tr. 1524.  Dr. Garrett opined that Plaintiff was moderately impaired in his ability to perform simple and repetitive tasks, markedly impaired in his ability to perform detailed and complex tasks, moderately impaired in his ability to interact with coworkers and the public, moderately impaired in his ability to perform work activities on a consistent basis without special or additional instructions, markedly impaired in his ability to maintain regular attendance in the workplace and complete a normal workday without interruptions from a psychiatric conditions, and moderately impaired in his ability to deal with the usual stress encountered in the workplace.  Tr. 1526.  Dr. Garrett stated "[t]he stress and pace of a typical job would likely overwhelm this individual."  Tr. 1526.  The ALJ gave Dr. Garrett's opinion no weight because he relied on Plaintiff's statements in forming his opinion.  Tr. 37.

A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti* 533 F.3d at 1041.  But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ concluded Dr. Garrett's opinion relied heavily on Plaintiff's self-reports because Dr. Garrett accepted Plaintiff's statements that he had suffered a traumatic brain injury in childhood and that he was five to six years sober, statements that were not supported by records from Frontier

Behavioral Health.  Tr. 37 *referring to* Tr. 1522, 1525.  Additionally, the ALJ noted Dr. Garrett relied on Plaintiff's reports of delusions, paranoia, a history of violent thoughts, low motivation, and being frequently late to a previous job.  Tr. 37 *referring to* Tr. 1526.

Plaintiff argues that Dr. Garrett did not base his opinion on a brain injury, but on objective observations he made while evaluating Plaintiff.  ECF No. 19 at 14-15.  Dr. Garrett provided a rationale for his opinions, including poor memory and concentration on mental status testing, delusions of paranoia, history of violent thoughts, slow thought process, reported history of low motivation, and a history of being frequently late to previous job.  Tr. 1526.  The ALJ acknowledged that this is what Dr. Garrett based his opinion on, and that it was error to rely so heavily on Plaintiff's reports.  Tr. 37.  The only objective evidence Dr. Garrett relied upon were the mental status testing for two limitations.  Tr. 1526.  The remainder were based on Plaintiff's reports.  *Id*.  Therefore, the ALJ's determination is supported by substantial evidence and is a legally sufficient reason to reject Dr. Garrett's opinion.

## 2.   Serban Ionescu, M.D.

On October 30, 2013, Dr. Ionescu sent a letter to Plaintiff's counseling stating "I reviewed Dr. Garrett's evaluation of Mr. Pratt's current medical status and completely agree with it.  I do not think that Mr. Pratt is capable of gainful employment."  Tr. 1669.

The ALJ gave Dr. Ionescu's opinion no weight because the opinion relied upon the opinion of Dr. Garrett, which the ALJ also gave no weight.  Tr. 37.  Additionally, the ALJ noted that medical expert, Dr. Moore, found Dr. Ionescu's statement to be a "silly kind of statement."  *Id*.

Here, Dr. Ionescu's opinion was derivative of Dr. Garrett's, whose opinion has been given no weight.  The ALJ gave legally sufficient reasons for rejecting Dr. Garrett's opinion.  Therefore, the ALJ was not in error in rejecting Ionescu's

opinion.

**3.    Margaret R. Moore, Ph.D.**

Additionally, Plaintiff argues that the ALJ relied too heavily on the opinion of Dr. Moore, a nonexamining medical expert who testified at the hearing.  ECF No. 19 at 15-16.  Considering the ALJ provided legally sufficient reasons for rejecting the opinions of the examining and treating providers, his reliance on a nonexamining provider is supported by the record.  As such, the Court will not disturb the weight the ALJ prescribed to medical source opinions.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED July 11, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 13